UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel.<br>CHARLES PARADISE,<br><br>       Plaintiff,<br><br>v.<br><br>MASSACHUSETTS GENERAL HOSPITAL,<br>MASSACHUSETTS GENERAL PHYSICIANS<br>ORGANIZATION, INC., and<br>MGH OPTIMUM CARE COMMITTEE,<br><br>       Defendants. | Civil No. 1:13-cv-11070-DJC |

**DEFENDANTS' OPPOSITION TO
LETTER FROM CHARLES PARADISE
REQUESTING CONTINUANCE OF MOTION TO DISMISS HEARING**

      This is a qui tam action under the False Claims Act, 31 U.S.C. § 3729. The case involves Massachusetts General Hospital's treatment of a 91-year-old pneumonia patient, Ruth Paradise, in April 2007. Her son, Charles Paradise, has filed suit against the Hospital, the Massachusetts General Hospital Physicians Organization, and the MGH Optimum Care Committee. Mr. Paradise asserts that the defendants billed the Government for "worthless" care which they provided to his mother and other patients. In addition to his claim under the False Claims Act, Mr. Paradise alleges fraud and unjust enrichment.

      The Court is scheduled to hear the defendants' motion to dismiss (Docket No. 24) on September 3, 2014 at 3:30 p.m. Although Mr. Paradise is represented by counsel, Mr. Paradise has just sent a letter (Docket No. 29) seeking "a fourth-month extension in this case." He states that: "The reason for this extension is to give me time to obtain expert opinions regarding whether more details should be included . . . ." The defendants oppose Mr. Paradise's request.

The defendants' motion to dismiss raises four legal issues: (1) the Court lacks subject matter jurisdiction over the First Amended Complaint, because Mr. Paradise violated the filing and sealing requirements of the False Claims Act; (2) the First Amended Complaint violates Fed. R. Civ. P. 9(b) because it fails to plead with particularity any false claim to the Government; (3) the defendants' alleged violation of the Patient Self-Determination Act is not actionable under the False Claims Act; and (4) Mr. Paradise lacks standing to pursue fraud and unjust enrichment claims on behalf of the Government.

At the motion to dismiss stage, the expert opinions Mr. Paradise is seeking would not be relevant to any issue before the Court.  Review of the defendants' motion will be limited to the factual allegations in the First Amended Complaint.  See In re Genzyme Corp. Securities Litigation, 754 F.3d 31, 40 (1st Cir. 2014) (stating that review of motion to dismiss "centers on the complaint").  Expert opinions cannot be considered.

Even if Mr. Paradise were to seek leave to file a Second Amended Complaint—which the defendants would oppose—he would not be able to introduce new factual allegations, legal theories, or expert opinions.  That is because Mr. Paradise could only rely on the Complaint and evidence that he filed under seal and presented to the Government.  See United States ex rel. Wilson v. Bristol Myers Squibb, Inc., No. 06-cv-12195-NMG, 2011 WL 2462469, at *6-7 (D. Mass. June 16, 2011) (citing 31 U.S.C. § 3730(b)(2)).  In other words, the Court would lack subject matter jurisdiction over any new allegations that Mr. Paradise might present.  See United States ex rel. Cunningham v. Millennium Labs. of Cal., No. 09-12209-RWZ, 2014 WL 309374, at *2 (D. Mass. Jan. 27, 2014) (citation omitted) (denying motion to amend based on relator's violation of these requirements).

Finally, Mr. Paradise's letter does not explain why a four-month delay is necessary.  This case is based on events that happened over seven years ago, in April 2007.  Mr. Paradise could have, and should have, completed any necessary investigation before he filed his Complaint on May 8, 2013.  He learned two months ago, on June 26, 2014, that the Court had scheduled the motion to dismiss hearing.  Mr. Paradise cannot justify his decision to wait until the last minute to seek a continuance.

Mr. Paradise is making serious allegations about the defendants' care of elderly patients and their billing of the Government.  It is important to the defendants to have these allegations put to rest following the motion to dismiss hearing on September 3, 2014.  The defendants respectfully request the Court to deny Mr. Paradise's request for a four-month continuance, and to hold the hearing as scheduled.

    MASSACHUSETTS GENERAL HOSPITAL,
    MASSACHUSETTS GENERAL HOSPITAL
    PHYSICIANS ORGANIZATION, INC., and
    MGH OPTIMUM CARE COMMITTEE,

    By their attorneys,


    /s/ Brian D. Lipkin
    Alan D. Rose (BBO #427280)
    Brian D. Lipkin (BBO #673850)
    Rose, Chinitz & Rose
    One Beacon Street, 23rd Floor
    Boston, Massachusetts  02108
    (617) 536-0040
    Fax: (617) 536-4400
    adr@rose-law.net
    bdl@rose-law.net

Dated:  August 26, 2014

## **CERTIFICATE OF SERVICE**

On August 26, 2014, I e-filed this opposition through the CM/ECF system.

/s/ Brian D. Lipkin