UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* CHARLES F. PARADISE, <br><br>                      Plaintiffs, <br><br>v. <br><br>MASSACHUSETTS GENERAL HOSPITAL, MASSACHUSETTS GENERAL PHYSICIANS ORGANIZATION INC., MGH OPTIMUM CARE COMMITTEE, and, OTHERS TO BE DISCOVERED, <br><br>                      Defendants. | Civil Action No. 13-11070-DJC |

## STATEMENT OF INTEREST

Now comes the United States, by and through its attorney, Carmen M. Ortiz, United States Attorney for the District of Massachusetts, and hereby files this statement of interest pertaining to the ability of the relator to proceed *pro se*.

## BACKGROUND

The relator, Charles F. Paradise, filed this *qui tam* action on or about May 8, 2013, alleging that Defendants Massachusetts General Hospital, Massachusetts General Physicians Organization, Inc., and MGH Optimum Care Committee ("Defendants") violated the False Claims Act by failing to maintain policies and procedures with respect to medical care decision-making, as required by 42 U.S.C. § 1395cc(f) (Medicare) and 42 U.S.C. § 1396a(w) (Medicaid). After the United States declined to intervene, the Court unsealed the case on July 19, 2013, and the relator thereafter served the complaint on Defendants.

On February 28, 2014, Defendants filed a motion to dismiss, which was denied as moot after relator subsequently amended his complaint. (See, e.g., Documents Nos. 18, 19, 22 and 27). Defendants then moved to dismiss the amended complaint, and the relator opposed the motion. (Document Nos. 24, 25 and 26). At the September 3, 2014 hearing on the motion to dismiss the amended complaint, the Court granted a motion to withdraw by relator's counsel and rescheduled the hearing for October 16, 2014. (See Documents No. 35 and 36). To date, no notice of appearance of substitute counsel for the relator has been filed. For the reasons set forth below, the United States submits that the relator may not proceed *pro se*.

## DISCUSSION

A *pro se* relator may not prosecute a *qui tam* action under the False Claims Act ("FCA"). See United States ex rel. Nasuti v. Savage Farms, Inc., Civil Action No. 12-30121-GAO, 2014 WL 1327015 at *7 (March 27, 2014) ("[T]here is nearly universal support for the principle that a *pro se* litigant may not pursue a *qui tam* action. In fact, every circuit that has addressed the issue is in agreement.") (collecting cases), *appeal pending*, First Circuit Docket No. 14-1362. Accord United States ex rel. Mergent Services v. Flaherty, 540 F.3d 89, 93-94 (2d Cir. 2008); Timson v. Sampson, 518 F.3d 870, 873-74 (11th Cir. 2008) (*per curiam*); Stoner v. Santa Clara Cnty Office of Educ., 502 F.3d 1116, 1126-27 (9th Cir. 2007); see also Jones v. Jindal, 409 F. App'x 356 (D.C. Cir. 2011); United States ex rel. Brooks v. Lockheed Martin Corp., 237 F. App'x 802 (4th Cir. 2007).

The statute permitting litigants to proceed *pro se* in federal courts provides that "parties may plead and conduct their *own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654 (emphasis

added).  FCA actions, however, are not relators' "own cases."[1]  As the Supreme Court has made clear, the United States is a "real party in interest" in a *qui tam* suit.  United States ex rel. Eisenstein v. New York, 556 U.S. 928, 934-35 (2009); see also 31 U.S.C. § 3730(c)(5).  Far from owning the claim, the relator acts "on behalf of the United States" and is only akin to a "partial assign[ee] of the Government's damages claim."  Vermont Agency of Natural Resources v. United States ex rel. Stevens, 529 U.S. 765, 773 (2000); see also Stoner, 502 F.3d at 1126 ("Although the partial assignment allows the relator asserting the government's injury to satisfy the requirements of Article III standing, it does not transform a *qui tam* action into the relator's 'own case' for purposes of § 1654.").  Thus, 28 U.S.C. § 1654 does not permit a relator to appear *pro se*.

Neither does the FCA itself give "the person who initiated the action . . . the right to conduct the action" *pro se*.  See 31 U.S.C. § 3730(b)(4)(B) and (c)(3).  Rather, section 3730 means only that "the person" has the right to "conduct the action" by and through counsel.  See Stoner, 502 F.3d at 1127 (the FCA "itself does not authorize a relator to prosecute a § 3729 violation pro se" since it contains "no language enabling a relator to conduct the action without a licensed attorney"); United States v. Onan, 190 F.2d 1, 6 (8th Cir. 1951) ("Congress could [not] have intended to authorize a layman to carry on such suit as attorney for the United States but must have had in mind that such a suit would be carried on in accordance with the established procedure which requires that only one licensed to practice law may conduct proceedings in court for anyone other than himself").  The FCA therefore provides no basis for departing from the usual rules of governing *pro se* representation.

---

[1] *Pro se* litigants are barred from bringing actions on another's behalf in a variety of contexts.  See, e.g., Ethan H. v. New Hampshire, 968 F.2d 1210, 1992 WL 167299 at *1 (1st Cir. July 21, 1992) (holding under 28 U.S.C. § 1654 that a parent "acting *pro se*, may not represent her son"); Mergent Services, 540 F.3d at 92 (collecting examples).

**CONCLUSION**

For these reasons, the United States respectfully submits that the relator, Charles F. Paradise, may not proceed *pro se*.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | CARMEN M. ORTIZ<br>United States Attorney |
| By: | */s/ Jessica P. Driscoll*<br>Jessica P. Driscoll<br>Assistant United States Attorney<br>United States Attorney's Office<br>1 Courthouse Way, Suite 9200<br>Boston, MA  02210<br>(617) 748-3398 |
| Dated: October 6, 2014 | Jessica.Driscoll@usdoj.gov |

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and by email and First Class Mail to:

Charles F. Paradise, *Pro Se*
64 Adin Drive
Concord, MA
Charles.Paradise@gmail.com

Dated: October 6, 2014            */s/ Jessica P. Driscoll*
                                  Jessica P. Driscoll
                                  Assistant United States Attorney